IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR No. 2:15-CR-335-WKW-JTA |
| ) | |
| JAMES HAWKINS ) | |
| ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law. The defendant, James Marvin Hawkins ("Hawkins"), was charged in an indictment returned on August 12, 2015, and a superseding indictment returned on March 3, 2016. (Docs. No. 1, 269.) This cause is before the court on Hawkins' Motion for a Bill of Particulars (Doc. No. 851) and the Government's response in opposition thereto (Doc. No. 896). The court heard oral argument on the motion on January 7, 2021. Based on the facts of the case, the arguments of the parties, and for the reasons set forth herein, the Magistrate Judge recommends that the motion (Doc. No. 851) be DENIED.

## I.   BACKGROUND

Hawkins was named in a superseding indictment alleging a cocaine conspiracy involving ten defendants. (Doc. No. 269.) The superseding indictment *in toto* alleged twenty-six counts against the defendants, but Hawkins was named in only three counts: Count One, Count Nine and Count Fourteen. (*Id*.) Count One charged that, from an

unknown date and continuing through in or about August 2015, in Montgomery County, within the Middle District of Alabama and elsewhere, Hawkins participated in a conspiracy to distribute and possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine hydrochloride, more commonly known as "cocaine powder," a Schedule II Controlled Substance; and twenty-eight (28) grams or more of a mixture and substance containing a detectable amount of cocaine base, more commonly known as "crack cocaine," a Schedule II Controlled Substance, in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846.  (*Id*.)  Count Nine charged that, on or about May 16, 2015, at approximately 1:45 p.m., within the Middle District of Alabama and elsewhere, Hawkins and co-defendant Carlos Ware knowingly and intentionally used a communication facility, to wit:  a cellular telephone, bearing telephone number (334) 294-5789, in committing, causing and facilitating the offense set forth in Count One of the superseding indictment, in violation of 21 U.S.C. § 843(b), and 18 U.S.C. § 2.  (*Id*.)  Count Fourteen, a substantive drug count, charged that, from an unknown date, and continuing through on or about May 17, 2015, in Montgomery County, within the Middle District of Alabama, Hawkins and co-defendants Carlos Ware and Alonzo Prevo, each aided and abetted by the other, and persons known and unknown to the Grand Jury, did knowingly and intentionally attempt to possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine hydrochloride, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 841(a)(1), and 18 U.S.C. § 2.  (*Id*.)

Hawkins proceeded to trial and was convicted by a jury on all counts. (Doc. No. 476.) The jury specifically found that Hawkins conspired to distribute and/or possess with intent to distribute 500 grams or more of cocaine hydrochloride. (*Id.*)  Hawkins appealed his convictions and sentence to the Eleventh Circuit Court of Appeals which vacated his convictions and the sentence imposed against him. *United States v. Hawkins*, 934 F.3d 1251 (11th Cir. 2019). The Eleventh Circuit held that the admission of improper opinion testimony "which constituted the majority of the evidence against Hawkins as to all three counts" was error. *Hawkins*, 934 F.3d at 1269. The Eleventh Circuit found that much of the testimony by the Government's principal witness, a law enforcement officer, " 'was not specific to his interpretation of drug codes and jargon' and 'went beyond interpreting code words to interpret conversations as a whole.' " *Hawkins*, 934 F.3d at 1261 (quoting *United States v. Emmanuel*, 565 F.3d 1324, 1336 (11th Cir. 2009)). Consequently, the Eleventh Circuit remanded the case for a new trial of Hawkins on Counts One, Nine and Fourteen. *Hawkins*, 934 F.3d at 1269.

On July 22, 2020, the court appointed new counsel to represent Hawkins in his second trial which is currently scheduled for February 1, 2021. (Docs. No. 846, 892.) Hawkins filed his motion for bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f) on September 10, 2020. (Doc. No. 851.) In his motion, Hawkins presents a total of twelve specific requests for additional information, contending that he is unable "to ascertain from the face of the Superseding Indictment . . . the nature of the case against him because of the lack of specificity which will hinder his preparation" for trial. (*Id.* at

3

1.)  As to Counts One and Fourteen, Hawkins requests the following information from the Government:

>    (1) The exact language, word, or words allegedly used by the defendants which allegedly indicated, or tended to indicate, that they willfully and knowingly agreed to commit the crimes charged in the indictment;
>    (2) The dates upon which [he] allegedly committed the charged offense;
>    (3) The places (cities, states, street addresses, apartment numbers) where [he] allegedly commit [sic] the crimes charged;
>    (4) The names and addresses of person or persons present or listening when [he] allegedly committed the crimes charged;
>    (5) With regard to the allegation of the conspiracy, the following:
>       (a) What other acts the conspirators committed that led to the indictment of [him];
>       (b) Which conspirators participated in each such act;
>       (c) What the purpose of the act was;
>       (d) Where the act was committed;
>       (e) The date the act was committed; and
>       (f) The names and addresses of witnesses present when the act was committed;
>    (6) The nature of [the] act, and the date, time, and place of said act, by which [he] first manifested that he was part of the alleged conspiracy.  In other words, what is the first act [he] is accused of committing in furtherance of the alleged conspiracy?
>    (7) The time, date, and place of the last act [he] is charged committed [sic] in furtherance of the conspiracy;
>    (8) Whether the government is charging [him] with aiding and abetting in the commission of a crime;
>    (9) The names of un-indicted, but identified, co-conspirators of [Hawkins], including those whose names may have become known since the return of the indictment, or the names of those other persons whom the government deleted or omitted from the indictment;
>    (10)   Describe in detail the methodology by which the government determined and calculated the drug quantity amounts attributable to [him] in the indictment for the above counts.

(Doc. No. 851 at 1-2.)[1]  As to Count Nine, Hawkins seeks the following information from the Government:

---

[1] Hawkins withdrew Request No. 8 during oral argument on January 7, 2021.

> (1) Describe how the alleged use of a communication facility caused and facilitated the offense described in Count [One] of the Superseding Indictment.
> (2) Describe in detail what, if anything, did the alleged use of a communication facility do to facilitate the offense described in Count [One] of the Superseding Indictment.

(Doc. No. 851 at 3.)

In response, the Government rejects Hawkins' claims that the superseding indictment is insufficient and that he cannot prepare his defense without the information requested in his motion. (Doc. No. 896.) The Government asserts that the material from the first trial, including the voluminous discovery and trial transcript, satisfies Hawkins' need to prepare for his second trial. (*Id.* at 3.) Additionally, the Government states that the Presentence Report provides "a fairly detailed summary of the Government's evidence and theory." (*Id.*) The Government also states that any information not available in the already accessible materials relate to its evidence and/or trial strategy which are not legitimate objects of a bill of particulars. (*Id.*) During the oral argument on this motion, the Government represented that it did not intend to call any unindicted co-conspirators as witnesses at Hawkins' trial. In addition, the Government confirmed for the court that the Presentence Report contains the methodology for calculating the drug quantity amount it believes is attributable to Hawkins at sentencing.

The motion for bill of particulars is fully briefed and ripe for the court's determination.

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 7(c) requires that an indictment provide "a plain, concise, and definite written statement of the essential facts constituting the offense

charged" and a citation to the statute that the defendant is alleged to have violated. Fed. R. Crim. P. 7(c)(1). Where an indictment does not conform to this standard, a defendant may "move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." Fed. R. Crim. P. 7(f).[2]

"The purpose of a true bill of particulars is threefold: to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) (citation omitted). In effect, a bill of particulars "amplifies the indictment by providing additional information." *United States v. Johnson*, 575 F.2d 1347, 1356 (5th Cir. 1978).[3] However, criminal defendants are not entitled to "generalized discovery," *United States v. Colson*, 662 F.2d 1389, 1391 (11th Cir. 1981), or a "detailed disclosure" of the Government's evidence, *Johnson v. United States*, 207 F.2d 314, 320 (5th Cir. 1953), through a bill of particulars. Rather, courts may order the Government to file a bill of particulars where an indictment fails to "set forth specific facts in support of requisite elements of the charged offense, and the information is essential to the defense." Fed. R. Crim. P. 7(f); *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985). Unlike discovery, a bill of particulars "is not intended to provide the defendant with the fruits of the

---

[2] Hawkins acknowledged during oral argument that his motion did not comply with the clear directive in Rule 7(f) that a bill of particulars be filed "before or within 14 days of arraignment" or with the court's permission.

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down before October 1, 1981.

government's investigation," but rather "only that minimum amount of information necessary to permit the defendant to conduct his own investigation." *United States v. Torres*, No. 1:06-CR-00351-WSD-LTW, 2008 WL 11380071, at *6 (N.D. Ga. Mar. 20, 2008), *report and recommendation adopted*, 2008 WL 11380103 (N.D. Ga. Oct. 9, 2008); *see also United States v. Smith*, 776 F.2d 1104, 1111 (3rd Cir. 1985) (citing *United States v. Manetti*, 323 F. Supp. 683, 696 (D. Del. 1971)).

The decision to grant a motion for a bill of particulars is committed to the district court's sound discretion. *Will v. United States*, 389 U.S. 90, 99 (1967); *Cole*, 755 F.2d at 760 (a district court's refusal to grant a request for a bill of particulars will be reversed "only if it can be shown that the defendant was actually surprised at trial and thereby incurred prejudice to his substantial rights").

### III.   DISCUSSION

Hawkins requests a bill of particulars as he prepares for his second trial on the same charges for which he was previously convicted. His request is not novel as long ago, in *Ciafirdini v. United States*, 266 F. 471 (4th Cir. 1920), a defendant charged with illegal use of the United States Mail to transport alcohol in interstate commerce made the same request when he faced a second trial after the first trial ended in a hung jury. On appeal of his conviction from the second trial, the defendant asserted error in the trial court's denial of his motion for a bill of particulars. The Fourth Circuit Court of Appeals found no error, stating "[i]t appears that in the first trial the prosecution had presented fully the facts involved in this case. Therefore it would have been useless to have furnished a bill of particulars, which, from the very nature of things, could only have been a repetition of the

7

facts which had already been testified to in the presence of the defendant." *Ciafirdini*, 266 F. at 474.  Here, Hawkins' request for a bill of particulars suffers the same fate.

At the outset, Hawkins contends that he "is unable to ascertain from the face of the superseding indictment in this case the nature of the case against him." (Doc. No. 851 at 1.)  Hawkins also contends that the "lack of specificity" in the superseding indictment hinders "his preparation for the defense." (*Id*.)  Yet, Hawkins has not shown that the superseding indictment falls short.  An "indictment is not designed to prove the Government's case; it merely needs to 'track[ ] the statutory language' of the laws the Defendant[] allegedly violated." *United States v. Gilbert*, No. 2:17-cr-00419-AKK-TMP, 2018 WL 2088389, at *2 (N.D. Ala. May 4, 2018) (quoting *United States v. Martell*, 906 F.2d 555, 558 (11th Cir. 1990)).  A review of the superseding indictment shows that it "tracks" the language of the corresponding statutes violated.  Accordingly, the court is not persuaded by Hawkins' general assertion that the superseding indictment hinders his ability to prepare a defense.  The court thus addresses each request by Hawkins below.

A. Allegations of Hawkins' Actions

As to Counts One and Fourteen, Hawkins requests dates, locations, and the names and addresses of persons present when he allegedly committed the crimes with which he is charged (Requests 2, 3 and 4), and requests the dates, time and place for the first and last acts he allegedly committed in furtherance of the drug conspiracy (Requests 6 and 7). (Doc. No. 851 at 1-2.)  He is not entitled to this information through a bill of particulars. As aforementioned, "generalized discovery is not a proper purpose in seeking a bill of particulars." *Colson*, 662 F.2d at 1391.  In addition, "[a] bill of particulars may not be used

to compel the government to provide the essential facts regarding the existence and formation of a conspiracy or all overt acts that might be proven at trial . . . [or] conversations and activities in which [Hawkins] allegedly participated . . . and for which [he] cannot credibly claim any surprise . . . ." *Gilbert*, 2018 WL 2088389, at *3 (internal citations and quotations omitted). Each item in Hawkins' requests pertains to actions which Hawkins allegedly engaged in or would have direct knowledge of by virtue of his alleged presence and participation. Further, Hawkins is not "entitled to a bill of particulars with respect to information which is already available through other sources . . . ." *United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir.), *modified*, 801 F.2d 378 (11th Cir. 1986)) (citing *Colson*, 662 F.2d at 1391). As the Government correctly argues, Hawkins has a blueprint of the Government's case against him, including the voluminous discovery, the prior trial transcript, and the detailed Presentence Investigation Report. (Doc. No. 896 at 3.) Hawkins is not entitled to a bill of particulars for this requested information.

    B.  Statements, Actions and Identities of Co-Conspirators

In Requests 1 and 5, Hawkins seeks disclosure of the specific statements of all defendants which indicated knowing and willful participation in the crimes charged and the actions undertaken by such persons, including details regarding whom, what, where, and when the actions occurred, and which witnesses were present. (Doc. No. 851 at 1, 2.) Again, Rule 7(f) is not a vehicle for compelling "the government to provide the essential facts regarding the existence and formation of a conspiracy" or "all overt acts that might be proven at trial." *Gilbert*, 2018 WL 2088389, at *3 (quoting *Rosenthal*, 793 F.2d at 1214).

9

Hawkins also seeks the identities of unindicted co-conspirators, or persons deleted or omitted from the indictment in Request Number 9. (Doc. No. 851 at 2.) It is not clear whether Hawkins is seeking new witnesses for his defense or merely preparing for any new witness the Government may call to testify against him. Nonetheless, Hawkins is not entitled to wholesale discovery of the Government's witness list by requesting a bill of particulars. *See United States v. Anderson*, 799 F.2d 1438, 1442 (11th Cir. 1986) ("To allow the bill of particulars to serve as a wholesale discovery device would actually frustrate the federal discovery rule. . . . [A] defendant has no right to obtain a list of witnesses by simply calling his request a 'bill of particulars' . . ."). The Government represented at oral argument that information pertaining to unindicted co-conspirators was provided to Hawkins in discovery and it does not intend to call any known unindicted co-conspirators as witnesses. The court accepts the Government's representation and reiterates that Hawkins is not entitled to a bill of particulars "with respect to information which is already available through other sources." *See Rosenthal*, 793 F.2d at 1227.

C. Drug Quantity Calculation

Hawkins seeks a detailed methodology of how the Government calculated the drug quantities attributed to him in the superseding indictment in Request Number 10. (Doc. No. 851 at 2.) Hawkins clarified at oral argument that his true concerns are the drug quantities attributed to him at sentencing and the methodology used in the Presentence Report. As the Government correctly asserted at oral argument, Hawkins, if convicted, will have the opportunity to object to the information in the Presentence Report, including the methodology of the drug quantities attributed to him. At any rate, Hawkins should

10

already have access to this information as he has the trial transcript from which the methodology should have been based. Regardless, in making his request Hawkins appears to conflate the evidence at trial with evidence at sentencing. The purpose of a bill of particulars is <u>trial</u> preparation. *See Anderson*, 799 F.2d at 1441 ("A bill of particulars, properly viewed, supplements an indictment by providing the defendant with information necessary for trial preparation."). Hawkins is not entitled to a bill of particulars for this requested information.

### D. Communication Facility

Hawkins' final request for particulars is difficult for the court to parse. He seeks a description of how his alleged use of a communication facility caused and facilitated the offense charged in Count One of the superseding indictment, and details regarding what, if anything, the alleged use of a communication facility did to facilitate that offense. (Doc. No. 851 at 3.) Again, the transcript of the previous trial provides Hawkins with all the information relevant to this request. Where a defendant has been previously tried on an indictment he is "acutely aware of the prior offenses that the government sought to prove at that trial," and he is "adequately informed of the charges against him and [is] accorded the opportunity to plan his defense accordingly. No more specific facts, through either a superseding indictment or a bill of particulars, [are] required to be divulged." *Martell*, 906 F.2d at 558 (citation omitted).

In short, the court is not convinced by Hawkins' arguments that he is entitled to a bill of particulars. The court, on the other hand, is persuaded by the explanation of Judge Abdul K. Kallon in *Gilbert*:

> Although knowing the precise manner in which the Government intends to prove its case 'would, without question, allow [the Defendants] to better prepare [their] defense,' the [Defendants are] not entitled to this information." *See United States v. Henderson*, No. 2:16-CR-0182-LSC-JEO, 2016 WL 5853743, at *3 (N.D. Ala. Aug. 17, 2016), *report and recommendation adopted*, 2016 WL 5816047 (N.D. Ala. Oct. 5, 2016); [*United States v.*] *Scrushy*, [No. CR-03-BE-530-S,] 2004 WL 483264, at *3-4 [(N.D. Ala. Mar. 3, 2004)]. Indeed, the Defendants may not use a motion for bill of particulars 'to compel the government to [offer a] detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial." *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980). Nor can they use such a motion to obtain the Government's witness list or the documents it intends to use. *See Scrushy*, 2004 WL 483264, at *3-4.

2018 WL 2088389, at *5. In the instant case, Hawkins has the benefit of the trial transcript from the first trial which should allow him to better prepare his defense. As the Fourth Circuit stated a century ago, it would be "useless" to compel the Government to furnish a bill of particulars under these circumstances. *Ciafirdini*, 266 F. at 474.

## IV. CONCLUSION

For the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that Hawkins' Motion for a Bill of Particulars (Doc. No. 851) be DENIED.

It is further

ORDERED that the parties shall file any objections to the said Recommendation not later than **January 19, 2021**.[4] Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court.

---

[4] At the pretrial conference held on January 6, 2021, and at the commencement of oral argument held on January 7, 2021, both parties agreed to shortening the time for filing objections to this Recommendation to ten (10) days, instead of the customary fourteen (14) days.

The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the Magistrate Judge's findings and § 636(b)(1) shall bar a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of a party to challenge on appeal the District Court's order based on unobjected-to-factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1: *Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 8th day of January, 2021.

/s/ Jerusha T. Adams  
JERUSHA T. ADAMS  
UNITED STATES MAGISTRATE JUDGE